**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| SCOTT OLVERA, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:21-cv-00232 |
| v. | § § | JURY TRIAL DEMANDED |
| CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, | § § § | COLLECTIVE AND CLASS ACTION |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

### I.   INTRODUCTION AND NATURE OF ACTION

1.       Plaintiff Scott Olvera ("Olvera" or "Plaintiff") brings this suit as a collective action under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"), and as a Rule 23 class action asserting state law claims for unpaid straight-time compensation owed at a contractual hourly rate, on his individual behalf and on behalf of the members of the proposed classes defined in Paragraph 6 below.  Plaintiff and class members worked as hourly paid Licensed Vocational Nurses ("LVN"), hourly paid Registered Nurses ("RN"), and as hourly paid Certified Nurse Assistants ("CNA") (collectively referred to as "nurses" and/or "direct patient care nurses") at Christus Spohn Health System Corporation ("Christus" or "Defendant"), a medical facility located in Corpus Christi, Texas 78404.  Plaintiff and class members did not receive bona fide meal break periods. Instead, they were required and permitted to work off-the-clock for Defendant during their meal break periods and were not paid for such time.

2.       An employer is not required to pay an employee for meal periods if the employer can satisfy its burden of showing that the employee received a bona fide meal period. However,

Defendant required nurses at Christus to remain responsible for patient care throughout their shifts, including during meal periods. Nurses frequently went without meals, and even when they did attempt to eat, their meal periods were regularly interrupted by work demands. In short, Defendant used the nurses' meal periods for the predominant benefit of Christus. Notwithstanding Defendant's practice of requiring nurses to be available for work and to in fact work throughout their meal periods, Defendant deducted thirty (30) minutes or one (1) hour from the total time worked by nurses each shift so as to account for these hypothetical meal periods, thereby enabling Defendant to receive the benefit of an additional thirty minutes or one hour of unpaid work for each shift worked by class members.

3.   Defendant's practice of failing to relieve nurses of their duties during meal periods, while simultaneously using timekeeping software to automatically deduct thirty minutes or one hour from the total time paid per shift (on the pretext of accounting for meal periods which nurses were not in fact free to take without constant interruption), had the effect of depriving nurses of overtime compensation due to them under the FLSA in the weeks in which they worked more than forty (40) hours in a week, and of depriving them of straight-time compensation at their contractual hourly rate in weeks in which they worked fewer than forty (40) hours in a week. On information and belief, all of Christus' non-exempt, direct patient care nurses were subjected to these illegal pay practices.

4.   Plaintiff brings this suit under the collective action provisions of the FLSA because he and the putative collective action members are similarly situated under the FLSA in the following particulars: (a) they are or were hourly-paid direct patient care nurses subject to Defendant's hospital-wide policy of automatic pay deductions for meal periods; (b) they are and were required and permitted to be available to perform uncompensated work during those meal periods, and in fact did perform uncompensated work during those periods; (c) the meal periods

are and were predominantly for the benefit of Defendant; and (d) Plaintiff and class members suffered overtime wage losses as a result of Defendant's failure to pay wages at the federally required overtime rate for these thirty minutes or one hour meal periods in the weeks in which the nurses worked more than forty hours in a week.

5. In addition to the FLSA collective action claims, Plaintiff brings this action as a Rule 23 class action under Texas state law because he and the class members are similarly situated in the following particulars: (a) Plaintiff and class members are or were hourly-paid direct patient care nurses who entered into employment agreements with Defendant pursuant to which Defendant promised to pay a specified hourly rate of pay for each and every hour worked by said nurses; (b) Defendant breached the employment agreements by failing to pay Plaintiff and class members the agreed rate for all hours worked, specifically, by failing to pay for meal period work at the agreed hourly rate in the weeks in which class members worked 40 or fewer hours; (c) the mechanism by which Defendant shorted Plaintiff and class members of their pay was by the use of timekeeping software to deduct thirty minutes or one hour from each shift worked by class members for a supposed "meal break" despite regularly requiring and permitting the nurses to perform compensable work during the unpaid "meal break"; and (d) Plaintiff and class members do not and did not receive pay for such "meal break work" and were damaged thereby.

6. Accordingly, Plaintiff Scott Olvera is similarly situated to the following classes of employees:

**FLSA Collective Action:**

> **All current and former nurses employed at all Christus locations to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of automatically deducting 30 minutes or 1 hour from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses worked more than forty (40) hours per week.**

**Rule 23 Class Action:**

**All current and former nurses employed at all Christus locations to provide direct patient care at any time during the four years before this Complaint was filed up to the present who, as a result of Defendant's practice of automatically deducting 30 minutes or 1 hour from each shift worked and not paying for same, did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in the weeks of their employment in which said nurses worked forty (40) or fewer hours per week.**

## II.    JURISDICTION AND VENUE

7.    This Court has jurisdiction over the FLSA claims under 29 U S.C. § 216 et seq. and 28 U.S.C. § 1331.

8.    This Court has supplemental jurisdiction over Plaintiff's Texas state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts, namely, the loss of wages suffered by Plaintiff and class members as a result of Defendant's policy of automatically deducting 30 minutes or 1 hour of meal break time from shifts worked while simultaneously requiring and permitting Plaintiff and class members to work during said meal break time.

9.    Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant operates Christus in the Southern District of Texas, and because the events giving rise to these claims occurred in this judicial district.

## III.    PARTIES

**A.    Plaintiff Scott Olvera and Class Members**

10.    Plaintiff Scott Olvera is an individual residing in Jim Wells County, Texas. Plaintiff has standing to file this lawsuit.

11.    Plaintiff worked for Defendant from on or about August 2015 through on or about January 23, 2021.  Plaintiff was an employee of Defendant and paid on an hourly-rate basis.

Plaintiff's written consent to become a party plaintiff to this action is attached to this Complaint as **Exhibit 1**.

12. Class Members are all of Defendant's current and former hourly-paid, direct patient care nurses who work or worked at all Christus locations during the time periods material to this suit, and who are due unpaid regular and/or overtime wages for compensable work performed during unpaid "meal breaks" as a result of Defendant's use of timekeeping software which deducted thirty minutes or one hour of time from each shift worked by class members.

**B.     Defendant Christus Spohn Health System Corporation**

13. Defendant Christus Spohn Health System Corporation is a domestic non-profit corporation organized under the laws of the state of Texas.

14. Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### IV.     FLSA COVERAGE

15. At all material times, Defendant has been an employer within the meaning of Section 203(d) of the FLSA because the medical facility employed personnel such as Plaintiff and Class Members to operate Christus. Plaintiff and Class Members worked exclusively for and under the sole direction and control of Defendant and for Defendant's financial gain. Plaintiff and Class Members are nurses whose services are integral to the medical care business which Defendant operates. Plaintiff and Class Members are economically dependent on Defendant's business: Defendant cannot operate Christus without nurses; and without a medical facility like Christus, Plaintiff and Class Members do not have access to medical equipment, facilities and patients to earn a living as nurses. Furthermore, Plaintiff and Class Members are classified as W-2 employees of Defendant.

16. At all material times, Defendant has been a "single enterprise" within the meaning of Section 203(r) of the FLSA because it acted through unified operation and common control to further its common purpose of operating Christus.

17. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1)(A) of the FLSA ("Traditional Enterprise Coverage") because:

  i) Defendant had and continues to have employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. By way of example and not by limitation, as a part of their work, Plaintiff and/or Defendant's employees (1) used computers and telecommunications equipment that were manufactured and shipped across state lines; (2) used medical supplies and equipment, including but not limited to, latex gloves, masks, medications, thermometers, stethoscopes, wheelchairs, ambulatory devices, incontinency and personal care products, gowns, linens, and cleaning products; and (3) utilized third-party medical services for various diagnostics testing and reports/recommendations and lab work test (e.g., blood work, basic metabolic panel, complete metabolic panel, urinalysis, C-Doff, etc.).

  ii) Upon information and belief, Defendant had an annual gross business volume in excess of $500,000 per year.

18. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1)(B) of the FLSA ("Named Enterprise Coverage") because:

  i) Defendant is engaged in the operation of an institution primarily engaged in the care of the sick and the aged. Specifically, Defendant offers a full continuum of care, from temporary respite care, to long-term skilled nursing, to hospice services.

Defendant also provide short-term rehabilitation and a range of specialty programs and complex clinical services including, but not limited to, cardiac care, diabetes care, IV care, neurological care, fitness and wellness, occupational therapy, orthopedic rehabilitation, pain management, and physical therapy. Because Defendant operates an institution primarily engaged in the care of the sick and elderly it is per se an "enterprise in commerce" pursuant to Section 203(s)(1)(B).

19. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207(a)(2)(C) ("Individual Coverage") because Plaintiff had direct and substantial involvement with interstate commerce in ways which were regular, recurring, and a substantial part of their work. By way of example and not by limitation, Plaintiff incorporates the examples listed above in paragraph 19(i) of this complaint.

## V. FACTUAL BACKGROUND

20. Defendant operates Christus Spohn Health System located at 600 Elizabeth Street, Corpus Christi, Texas 78404 ("Christus"). Christus offers a full continuum of care, from temporary respite care, to long-term skilled nursing, to hospice services. Christus also provides short-term rehabilitation and a range of specialty programs and complex clinical services. It employs 24-hour specialized nursing care to ensure the health and well-being of each of its patients. To provide continuous medical services to its patients, Christus employs over 35,000 medical professionals and staff. Based on information and belief, Christus has employed thousands of nurses during the applicable FLSA three-year period and even more during the applicable common law four-year period.

21. Plaintiff Scott Olvera is a CNA who worked for Christus from approximately October 2015 to the January 23, 2021. On or about October 2015, he agreed to provide his services

as a CNA in exchange for Defendant's agreement to compensate him at a specified hourly rate for each of his hours worked. On information and belief, the agreed hourly rate was approximately $11.00 per hour at the start of his tenure and increased to approximately $13.26 per hour by the time of his separation from employment with Defendant.

22. Plaintiff and class members are regularly scheduled to work numerous twelve-hour shifts per week at Christus. However, Plaintiff and the class members have the option to pick up additional shifts, and frequently do so. In Plaintiff's case, he was regularly scheduled to work four (4) 12-hour shifts each week. Plaintiff routinely picked up one or two additional twelve-hour shifts per week. Accordingly, Plaintiff and class members regularly worked more than 40 hours per week at Christus.

23. Plaintiff alleges that in each and every week of their employment, **and as a result of a common policy equally applicable to him and to every member of the class,** Defendant (a) failed to pay them the agreed hourly rate for some of their work performed in those weeks in which they worked forty (40) or fewer hours; and (b) failed to pay them at the time-and-one-half overtime rate required by federal law for some of their work performed in those weeks in which they worked more than forty (40) hours in a week. Specifically, Plaintiff and the class members were not compensated at any rate whatsoever for thirty minutes or one hour of each of their twelve-hour shifts worked when Plaintiff and the class members had meal breaks that were routinely interrupted to perform job duties.

Off-the-clock work: Uncompensated work during meal breaks.

24. Christus generated its payroll documentation for Plaintiff and class members by using Infor Workforce Management (WFM) software. The hours to be paid were tracked by timekeeping software which, on information and belief, was Infor WFM timekeeping software. Plaintiff and the class members clocked in/out for their required 30-minute meal breaks. However,

Plaintiff was informed by Nurse Manager, Veronica Garcia, that the timekeeping software was configured to deduct one hour of time from each twelve-hour shift worked by the nurses. Each pay period, the amount of time tracked by the software, after deduction of thirty minutes or one hour per twelve-hour shift, was uploaded for processing into the Infor WFM payroll processing software.

25. All of Christus' hourly-paid direct patient care nurses are and were subject to Defendant's policy to automatically deduct thirty minutes or one hour per shift from the recorded time worked.

26. Plaintiff anticipates that Defendant may attempt to argue that the thirty minute and one hour deductions from each shift worked were warranted so as to account for uninterrupted thirty minute and one hour lunch breaks during which no work was performed and for which no compensation is owed. In point of fact, however, Plaintiff and his nurse colleagues routinely worked through their lunch breaks, and even when they did manage to spend a few minutes eating, that time was regularly interrupted by other nurses on duty, nurse managers, doctors, patients' families, and other Christus staff.

27. Defendant is and was familiar with the demands of the health care industry in general and of providing medical services at Christus in specific, and they deliberately chose to keep their labor costs down by staffing an insufficient number of personnel per shift. Rather than hiring and staffing a sufficient number of nurses per shift to allow the nurses to take full, uninterrupted meal breaks, Defendant required and permitted these overworked nurses to work during their meal breaks for the benefit of Defendant. Defendant knew and expected that Plaintiff and class members would work through their unpaid "meal breaks," and this was in fact a daily occurrence at Christus. Defendant's supervisors and management routinely interrupted the meal breaks of Plaintiff and class members and made work demands upon them. Defendant's

9

supervisors and management were actively involved in scheduling the shifts worked by Plaintiff and the class, and they had actual knowledge that their staffing and work policies were causing Plaintiff and class members to work through meal breaks to the predominant benefit of Defendant.

28. Plaintiff and class members were expected to complete orders on assigned patients, to answer calls, to respond to medical emergencies, to advise other staff on patient care and status issues, to answer questions from Christus staff or family members, and in general to respond immediately to work demands during "meal breaks."

29. Defendant knew and/or had reason to know that Plaintiff and class members performed work during their unpaid "meal breaks," as evidenced by Plaintiff's discussion with Ms. Garcia regarding the automatic one-hour "meal break" deductions, and Defendant requiring Plaintiff and class members to remain available to respond to work demands at any time during the shift, including during meal breaks. Moreover, Plaintiff and class members performed work for Defendant during the unpaid meal breaks in plain sight of Defendant's management, quite often at Defendant's management's specific request.

30. Despite Defendant's actual knowledge that Plaintiff and class members worked during supposed "meal breaks," Defendant willfully failed to compensate Plaintiff and class members for such work, electing instead to accept the benefits of Plaintiff and the class members' work without compensating them for such work.

31. Given that Defendant's supervisors and managers knew from direct observation and from their general knowledge of Christus' operations that Plaintiff and class members (a) regularly worked through the deducted meal break time without compensation; and (b) regularly accumulated overtime hours even after deduction of the uncompensated thirty minute or one hour per shift, Defendant had both actual and constructive knowledge that Plaintiff and class members

were not being compensated for meal periods worked at any rate whatsoever, much less at the agreed hourly rate or at the federally mandated time-and-one-half rate required for overtime.

<u>Calculation of damages.</u>

32. Evidence reflecting the number of uncompensated meal break hours worked by each class member, as well as their applicable regular and overtime rate, is in the possession of Defendant. Actual damages can be calculated easily once Defendant has produced complete payroll records for the class. The absence of a bona fide meal break makes all unpaid meal break time compensable, and all that remains is to establish the number of shifts worked by class members in the weeks in which they worked more than 40 hours, and the number of shifts worked in which they worked fewer than 40 hours. Each shift worked will entitle class members to half an hour or one hour of pay (depending on the meal break deduction length) at either their usual hourly rate or at their time-and-one-half rate, depending upon whether the week in question is one in which forty or fewer hours were worked, or one in which forty or more hours were worked. The information needed to calculate damages—specifically the dates of the shifts worked, the total number of hours worked per week, and the base hourly rate of pay for each worker—exists right now in Defendant's timekeeping and payroll databases. The damage calculation itself will be a straightforward accounting process.

### VI. COLLECTIVE ACTION CLAIM
### VIOLATION OF 29 U.S.C. § 207 - OVERTIME

33. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

34. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of the members of the putative class.

35. The action is filed on behalf of all of Defendant's hourly-paid direct patient care nurses who worked at all Christus locations during the three years preceding the filing of this action

through entry of judgment in this case, whose overtime pay was docked pursuant to an automatic meal break deduction policy notwithstanding the fact that the nurses performed compensable work during the supposed meal break periods (the "FLSA Class").

36. This FLSA Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown to Plaintiff, and although the data which would identify the size of the FLSA Class is within the sole control of Defendant, upon information and belief there are thousands of nurses encompassed by the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

37. Plaintiff will fairly and adequately protect the interests of the FLSA Class members and has retained counsel experienced and competent in the field of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the interests of the members of the FLSA Class.

38. A collective action is superior to individual adjudication of the claims at issue in this controversy, since the claims are substantially similar and since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class to seek redress individually for the wrongs done to them. Management of the suit as a collective action will serve judicial economy.

39. Questions of law and fact common to the FLSA Class members predominate over questions that may affect only individuals because Defendant has acted on grounds generally applicable to all FLSA Class members. Among the common questions of law and fact common to Plaintiff and other collective action class members are:

    a.    whether Plaintiffs and the FLSA Class members were expected to and/or required to work during unpaid meal breaks, and in fact did so;

    b.    Whether Defendant's control of the conditions of the "meal break" was for the predominant benefit of Christus and whether it made such time compensable as a matter of law;

    c.    whether Defendant failed to pay Plaintiff and the FLSA Class members overtime compensation for some of their hours worked in excess of forty hours per workweek in violation of the FLSA, as a result of Defendant's automatic deduction of, and failure to pay for, half an hour or one hour meal break periods in each shift worked in weeks in which overtime hours were otherwise worked;

    d.    whether Defendant's violations of the FLSA were willful as that term is understood in the context of the FLSA; and

    e.    whether Defendant is liable for damages claimed hereunder, including but not limited to unpaid overtime wages, liquidated damages, attorneys' fees and costs.

40. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41. The FLSA 216(b) collective action class may be defined as:

**All former and current nurses employed at all Christus locations to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of automatically deducting half-an-hour or one hour from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses worked more than forty (40) hours per week.**

### VII. TEXAS CLASS ACTION CLAIM

42. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

43. Pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3) and 28 U.S.C. § 1367, Plaintiff seeks to prosecute his Texas state claims for breach of contract, quantum meruit, and unjust enrichment as a class action on behalf of all hourly-paid direct patient care nurses who worked at Christus at any time during the four years preceding the filing of this action through entry of

judgment whose pay has been docked by application of an automatic meal break deduction to their shifts worked in the weeks in which they did not work overtime (the "Rule 23 Class").

44. This Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown to Plaintiff, and although the data which would identify the size of the Rule 23 Class is within the sole control of Defendant, upon information and belief there are thousands of nurses encompassed by the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

45. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class Members and have retained counsel experienced and competent in the field of contract, compensation, and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the interests of the members of the Rule 23 Class.

46. A class action is superior to individual adjudication of the claims at issue in this controversy, since the claims are substantially similar and since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Rule 23 Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class to individually seek redress for the wrongs done to them. Management of this suit as a class action will serve judicial economy.

47. Questions of law and fact common to the Rule 23 Class predominate over questions that may affect only individuals because Christus has acted on grounds generally applicable to all class members. Among the common questions of law and fact common to Plaintiff and other members of the Rule 23 Class are:

    a.    whether agreements existed pursuant to which Defendant was to pay an hourly wage to Plaintiff and to members of the class for each hour of their work;

14

    b.    whether Defendant failed to pay Plaintiff and members of the class for all hours worked as a result of Defendant's automatic deduction of half an hour or one hour meal period per shift, notwithstanding the fact that Plaintiff and class members regularly performed compensable work during such meal breaks;

    c.    whether Defendant engaged in a continuing policy, pattern or practice of failing to pay Plaintiff and the class members for all hours worked;

    d.    whether Defendant breached and continues to breach the employment agreements between it and the Plaintiff and class members; and

    e.    whether Defendant is liable for damages claimed hereunder, including but not limited to unpaid overtime and meal break time worked, attorneys' fees and costs.

48.    Plaintiff's claims are typical of the claims of the Rule 23 Class. Plaintiff, like all other class members, was subject to Christus' policy and practice of automatically deducting half an hour or one hour of pay per shift worked even though Plaintiff performed compensable work throughout his shift. Plaintiff and each class member have been damaged and are entitled to recovery by reason of the Christus' policies and practices.  Class action treatment will allow class members to litigate their claims in a manner that is fair to all parties involved, free of fear of retaliation, and efficient for those parties and for the judicial system.

49.    The Rule 23 Class members are defined as:

**All current or former nurses employed at all Christus locations to provide direct patient care at any time during the four years before this Complaint was filed up to the present who, as a result of Defendant's practice of automatically deducting half-an-hour or one hour from each shift worked and not paying for same, did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in the weeks of their employment in which said nurses worked forty (40) or fewer hours per week.**

### VIII.   DAMAGES

#### A.   FLSA Collective Action Damages.

50.    Plaintiff and Collective Action Members are entitled to recover their unpaid overtime compensation.

15

51. Plaintiff and Collective Action Members are also entitled to an amount equal to all of their unpaid overtime compensation as liquidated damages. 29 U.S.C. § 207 and 216(b).

52. Plaintiff and Collective Action Members are also entitled to recover their attorney's fees and costs as provided for by the FLSA. 29 U.S.C. § 216(b).

B. Rule 23 Class Action Damages.

53. Plaintiff and Rule 23 Class members are entitled to recover all damages incurred by them due to Defendant's breach of the employment agreements, specifically for half-an-hour or one hour of pay per shift worked in non-overtime weeks at their then-applicable contractual hourly rate.

54. Plaintiff and Rule 23 Class members are also entitled to recover their attorney's fees and costs incurred in prosecuting their claims for damages due to Defendant's breach of their employment agreements.

55. Plaintiff and Rule 23 Class members are also entitled to prejudgment and post-judgment interest.

## IX.   PRAYER

A. FLSA COLLECTIVE ACTION RELIEF — OVERTIME

For the foregoing reasons, Plaintiff respectfully request judgment to be entered against Defendant awarding Plaintiff and the FLSA Collective Action Members:

1. overtime compensation for all unpaid overtime hours worked in excess of forty (40) in a week at the rate of one and one-half times their regular rates of pay;

2. an amount equal to the sum of the unpaid overtime compensation, as liquidated damages allowed under the FLSA;

3. reasonable attorney's fees, costs and expenses of this action as provided for by the FLSA;

16

   4. pre-judgment and post judgment interest at the highest rates allowed by law on all damages; and

   5. such other and further relief, at law or in equity, to which Plaintiff and the FLSA Collective Action Members may be entitled.

 B. <u>RULE 23 RELIEF — STATE LAW CLAIMS</u>

Plaintiff further respectfully request judgment to be entered against Defendant awarding Plaintiff and the Rule 23 Class members:

   1. compensation for all unpaid hours worked in non-overtime weeks at their then-applicable hourly rates;

   2. reasonable attorney's fees, costs and expenses of this action;

   3. pre-judgment and post judgment interest at the highest rates allowed by law on all damages; and

   4. such other and further relief, at law or in equity, to which Plaintiff and the Rule 23 Class members may be entitled.

       Respectfully submitted,

       SHELLIST | LAZARZ | SLOBIN LLP


     By: */s/ Ricardo J. Prieto*
      Ricardo J. Prieto
      Texas Bar No. 24062947
      rprieto@eeoc.net
      Melinda Arbuckle
      Texas Bar No. 24080773
      marbuckle@eeoc.net
      Taneska Jones
      Texas Bar No. 24106151
      tjones@eeoc.net
      11 Greenway Plaza, Suite 1515
      Houston, Texas 77046
      Telephone: (713) 621-2277
      Facsimile: (713) 621-0993

      ATTORNEYS FOR PLAINTIFF &
      PUTATIVE COLLECTIVE ACTION
      AND CLASS MEMBERS

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on October 1, 2021 to all counsel of record.

                                           */s/ Ricardo J. Prieto*
                                           Ricardo J. Prieto